# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JEFFERY COLLINS,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF DEFENSE,<br>　　　　　Agency. | DOCKET NUMBER<br>DC-0752-18-0015-I-1<br><br><br>DATE: March 19, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Supraja Murali, Washington, D.C., for the agency.

Lawrence Berger, Esquire, Glen Cove, New York, for the appellant

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his reduction in grade and pay. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The following facts are undisputed. The appellant was an AD-09 Supervisory Police Officer for the agency's Pentagon Force Protection Agency (PFPA). Initial Appeal File (IAF), Tab 3 at 34. On March 21, 2017, the agency proposed the appellant's removal based on one charge of conduct unbecoming, supported by five specifications. *Id*. at 61-64. The essence of the charge was that the appellant refused to follow orders from two of his superiors to provide coverage for another officer during that officer's break. *Id*. at 62. The agency alleged that the appellant responded to the repeated orders with repeated profanity, and with a final refusal, hung up the telephone on his superiors. *Id*.

After the appellant responded to the notice, the deciding official issued a decision sustaining the charge but mitigating the proposed penalty to a reduction in grade and pay and reassignment to a non-supervisory position. *Id*. at 35-39, 44-50, 52-53. The appellant filed a Board appeal under 5 U.S.C. § 7513(d), contesting the merits of the agency's action, including the charge and the penalty. IAF, Tab 11, Tab 12 at 2. The appellant waived his right to a hearing. IAF, Tab 12 at 2. After the close of the record conference, in his closing brief, the appellant for the first time raised an affirmative defense alleging a violation of due process. IAF, Tab 16 at 5, 9-13. He argued that the deciding official

violated his due process rights by considering two penalty factors not mentioned in the notice of proposed removal. *Id*.

After the close of the record, the administrative judge issued an initial decision affirming the reduction in pay and grade. IAF, Tab 17, Initial Decision (ID). She found that the agency proved its charge and all of the underlying specifications and that the chosen penalty was reasonable. ID at 6-9, 11-12. Regarding the appellant's due process claim, the administrative judge found that it was untimely raised and would therefore not be considered. ID at 9-10. She noted, however, that even if she were to consider the due process claim, she would find no due process violation. ID at 10 n.3.

The appellant has filed a petition for review, challenging only the administrative judge's due process analysis. Petition for Review (PFR) File, Tab 3. The agency has filed a response. PFR File, Tab 5.

## ANALYSIS

Under 5 C.F.R. § 1201.24(b), an appellant may raise a claim or defense at any time before the end of the conference held to define the issues in the case, but may not raise a new claim or defense after that time, except for good cause shown. In this appeal, that conference occurred on August 21, 2018, but the appellant did not raise his due process claim until September 10, 2018. IAF, Tabs 12, 16. We therefore agree with the administrative judge that the appellant's claim was untimely raised under the regulations. ID at 9-10; *see Nugent v. U.S. Postal Service,* 59 M.S.P.R. 444, 447-48 (1993) (declining to consider an affirmative defense and claimed mitigating penalty factors raised outside the time limit prescribed in 5 C.F.R. § 1201.24(b)).

On petition for review, the appellant argues that the Board may consider an untimely due process claim or raise the issue sua sponte. PFR File, Tab 3 at 7. However, this authority is discretionary, not mandatory, and will normally be exercised only to prevent a manifest injustice. *See Holton v. Department of the*

*Navy*, 123 M.S.P.R. 688, ¶ 28 (2016); *Powers v. Department of the Treasury*, 86 M.S.P.R. 256, ¶ 10 n.3 (2000). Considering that the appellant's due process claim was untimely under the Board's regulations, the appellant did not raise a timely objection to the prehearing conference summary, and the appellant was represented by an attorney throughout these proceedings, we find that the administrative judge did not abuse her discretion in declining to consider it. ID at 9-10; IAF, Tab 12 at 1-2; 5 C.F.R. § 1201.24(b); *see* 5 C.F.R. § 1201.115(c).

We also agree with the administrative judge's alternative finding that the appellant has not demonstrated a due process violation. ID at 10 n.3. On petition for review, the appellant reiterates that the deciding official considered penalty factors not mentioned in the notice of proposed removal, namely his alleged dereliction of supervisory authority and his alleged violation of PFPA General Order 1000.03. PFR File, Tab 3 at 7-8. He argues that this information was new, he had no chance to respond to it, and it placed undue pressure on the deciding official, thereby constituting a due process violation under the standard set forth in *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011) and *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999). *Id*. at 8-11.

However, based on the record evidence, we find that the deciding official considered these matters merely in assessing the appellant's arguments in response to the proposed removal. Specifically, the appellant argued in his response that the reason he refused to relieve the subordinate officer in question was that he had an 8:00 a.m. appointment that morning, which he had previously been ordered not to miss, and that the subordinate officer had declined to take his break until 7:50 a.m. IAF, Tab 3 at 46, 48. In response to this argument, the deciding official noted that the appellant could have exercised his supervisory authority and ordered the subordinate officer to take his break earlier, or he could have followed the directives in PFPA General Order 1000.03 for dealing with conflicting orders, but he failed to do either. *Id*. at 37. We agree with the

administrative judge that the deciding official's statements address information that the appellant himself presented in his response to the notice of proposed removal. ID at 10 n.3. A deciding official does not violate an employee's due process rights when he considers and rejects the arguments that the employee raises in response to a proposed adverse action. *Grimes v. Department of Justice*, 122 M.S.P.R. 36, ¶ 13 (2014); *Wilson v. Department of Homeland Security*, 120 M.S.P.R. 686, ¶¶ 10-11 (2014).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision.   5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.